IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUCIA GUERRERO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | EP-11-CV-101-KC |
| § | |
| CITY OF EL PASO, TEXAS, et al., § | |
| § | |
| Defendants. § | |

## ORDER

On this day, the Court considered "Defendant City of El Paso's Motion to Dismiss State Causes of Action and Election of Remedies" ("City's Motion"), ECF No. 4, and "Defendants' Gregory Allen and Richard Wiles Motion to Dismiss" ("Allen and Wiles's Motion"), ECF No. 7. For the reasons set forth herein, the City's Motion is **GRANTED** in part and **DENIED** in part, and Allen and Wiles's Motion is **DENIED** as moot.

### I.  BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint as is appropriate at this stage of the proceedings. Javier Francisco Guerrero ("Decedent") was the twenty-seven year old son of Plaintiffs Lucia Guerrero and Francisco Guerrero. Pl.'s First Am. Compl. and Jury Demand ("Amended Complaint") ¶ 18, ECF No. 22. On August 20, 2009, at approximately 11:30 a.m., Decedent's father entered Amigo Market while Decedent remained outside in the parked vehicle. *Id.* ¶ 19. Decedent was an individual who suffered from mental illness that sometimes caused him to be nervous and fearful. *Id.* ¶ 20. As a result, he became scared when he saw Defendant John Schneider ("Schneider") and Defendant Martin Cordova ("Cordova"),

both of whom were police officers for Defendant City of El Paso. *Id.* Upon seeing Schneider and Cordova's police badges on their plain clothes, Decedent ran away from the parked vehicle even though he had not committed any offense in Schneider and Cordova's presence. *Id.* ¶¶ 20-21.

Schneider and Cordova shot Decedent while Decedent was fifteen feet away and continued to shoot at Decedent as he ran away. *Id.* ¶ 22. Decedent did not threaten Schneider and Cordova in any way when they shot him. *Id.* Decedent did not have a knife or any other weapon and his hands were open and in front of him when he was shot. *Id.* ¶ 23. Not only did Decedent pose no threat to the police officers, he also posed no threat to any other person. *Id.* ¶ 24. When Decedent fell to the ground, Schneider and Cordova continued to shoot at him. *Id.* In total, Schneider and Cordova shot Decedent seven times, including one bullet that traveled through Decedent's stomach and pierced his heart. *Id.* Decedent also suffered gunshot wounds to his back, wrist, fingers, abdomen, hip, and thigh. *Id.*

On March 16, 2011, Plaintiffs filed suit. *See generally* Pl.'s Original Compl. and Jury Demand, ECF No. 1. On June 30, 2011, Plaintiff filed its Amended Complaint against Defendants asserting claims under 42 U.S.C. § 1983, claims for assault and battery, and claims for wrongful death. *See generally* Am. Compl. City's Motion and Allen and Wiles's Motion were both filed prior to Plaintiffs filing their Amended Complaint. *See generally* City Mot.; Allen and Wiles's Mot.

## II.   DISCUSSION

### A.   Standard

#### 1.   Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction. *People's Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Id.* A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(1) must be considered before any other challenge because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). When considering a motion to dismiss for lack of subject matter jurisdiction, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" when jurisdictional facts are controverted. *Id.* Where the motion to dismiss is based on the complaint alone, the court is required to merely decide whether the allegations in the complaint, presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).

### 2. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

B.  **City's Motion**

Defendant City of El Paso ("City") argues that all state-law claims against Schneider and Cordova should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §§ 101.001-.109 ("TTCA"), requires dismissal of Schneider and Cordova through its section governing election of remedies. City's Mot. ¶ 5. The City also argues all state-law claims asserted against it should be dismissed because the City enjoys immunity under the TTCA for the state-law claims asserted against it. *Id.* ¶¶ 5-6.

Generally, sovereign immunity protects the State against lawsuits for money damages

unless the State has consented to suit. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Governmental immunity functions as sovereign immunity does and affords similar protection to subdivisions of the state, including counties, cities, and school districts, unless that immunity has been waived. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The TTCA establishes a limited waiver of this immunity and authorizes suits to be brought against governmental units in certain situations. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The TTCA states, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion from the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e).

Plaintiffs assert three state-law claims in their Amended Complaint: assault, battery, and wrongful death. Am. Compl. ¶¶ 43, 70-75. The Court addresses each in turn.[1]

### 1. Assault and battery

Plaintiffs assert "claims against Defendants Schneider and Cordova, only, for assault and battery." *Id.* ¶ 43. Contrary to the City's assertions, these claims are asserted only against two of the City's employees, not against a governmental unit and its employees. In order for the claims against the City employees to be subject to immediate dismissal, section 101.106(e) requires a claim to be filed under the TTCA against both a governmental unit and its employees. Tex. Civ. Prac. & Rem. Code § 101.106(e). Consequently, section 101.106(e) does not require the Court to dismiss Schneider and Cordova from Plaintiffs' claims for assault and battery. However, the

---

[1] Because assault and battery are similar torts and the differences between them are inconsequential for the purposes of this Order, the Court addresses assault and battery simultaneously.

5

Court's analysis regarding assault and battery does not end there.

According to the caption of the case, Schneider and Cordova were sued in their individual and official capacities. But the Amended Complaint is vague as to which claims are brought against them in their individual capacities and which in their official. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974)). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond," as the City has here, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *See id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."). Thus, if Plaintiffs' claims for assault and battery are against Schneider and Cordova in their official capacities, then those claims are essentially asserted against the City and the Court must determine whether the City has waived immunity for claims of assault and battery.

Although it is unclear whether Schneider and Cordova are sued in their individual or official capacities for assault and battery, at this stage of the proceedings the Court must draw all reasonable inferences in favor of Plaintiffs. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009) ("We must also draw all reasonable inferences in the plaintiff's favor."); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (view allegations of complaint in a light

6

favorable to the nonmoving party).  To give the word "only" meaning, as used in Plaintiffs' claim for assault and battery, it appears that Plaintiffs intended to limit their claims of assault and battery to Schneider and Cordova only, exclusive of the City.  Therefore, the Court finds that it is a reasonable inference that Plaintiffs intended to assert its claims for assault and battery against Schneider and Cordova in their individual, not official, capacities.  As such, dismissal of Schneider and Cordova with respect to these claims pursuant to section 101.106(e) is inappropriate.  The City is not a defendant to those claims, and the TTCA does not operate to deprive this Court of jurisdiction to hear those claims.  The Court therefore **DENIES** City's Motion with respect to Plaintiffs' claims for assault and battery.

### 2. Wrongful death

Plaintiffs assert a claim for wrongful death against Schneider and Cordova pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code ("Texas Wrongful Death Statute").  Am. Compl. ¶ 71.  However, Plaintiffs also assert a claim for wrongful death against Schneider and Cordova pursuant to the TTCA.  *Id.* ¶ 73.  In that paragraph of their Amended Complaint, Plaintiffs specifically discuss municipal liability pursuant to the TTCA, so this claim is brought against Schneider and Cordova in their official capacities, thereby implicating the City.  *See id.*  Therefore, Plaintiffs assert a claim for wrongful death against both a governmental unit and its employees, which makes relevant section 101.106(e).  Pursuant to that section, the Court dismisses the claim for wrongful death against Defendants Schneider and Cordova.  *See* Tex. Civ. Prac. & Rem. Code § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."); *Rodriguez v. Christus Spohn Health Sys.*

*Corp.*, 628 F.3d 731, 738 (5th Cir. 2010).

What remains is Plaintiffs' claim for wrongful death against the City.  Thus, the Court next determines whether immunity has been waived for the tort of wrongful death.  Immunity generally is not waived for intentional torts, so qualified governmental units cannot be sued under the TTCA for intentional torts.  *See* Tex. Civ. Prac. & Rem. Code § 101.057(2) (TTCA's waiver of immunity does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort"); *Garcia*, 253 S.W.3d at 658-59 ("the [TTCA] by its terms expressly exclude[s] intentional torts form the scope of the Act's immunity waiver" and collecting cases stating the same).  District courts have found that claims for wrongful death resulting from an officer's intentional fatal shooting are intentional torts for which governmental units have not waived immunity under the TTCA.  *See Hobart v. City of Stafford*, --- F. Supp. 2d ----, 2011 WL 1638606, at *21-23 (S.D. Tex. 2011) (finding wrongful death claim premised on intentional fatal police shooting was intentional tort and therefore one for which TTCA did not waive immunity); *Rivera v. City of San Antonio*, No. SA-06-CA-235-XR, 2006 WL 3340908, at *16-17 (W.D. Tex. Nov. 15, 2006) (finding same).  The Court finds the reasoning in those cases persuasive, and so adopts them here.  Accordingly, the Court finds that it lacks jurisdiction to hear Plaintiffs' claim for wrongful death against the City.

The Court **GRANTS** City's Motion with respect to Plaintiffs' claim for wrongful death against Schneider and Cordova and with respect to Plaintiffs' claim for wrongful death against the City.

    **C.**    **Allen and Wiles's Motion**

Defendants Gregory Allen ("Allen") and Richard Wiles ("Wiles") were sued in both their

individual and official capacities. *See generally* Am. Compl. Allen, as Chief of Police, and Wiles, as former Chief of Police, were sued due to their supposed failure to train the department on how to handle individuals in the field with mental illnesses and how and when to appropriately apply deadly force. Am. Compl. ¶¶ 47-69. On April 27, 2011, Allen and Wiles filed Allen and Wiles's Motion seeking to have the claims asserted against them dismissed. Allen and Wiles's Mot. ¶¶ 3-10. On May 18, 2011, the Court granted the parties' "Joint Motion to Dismiss," ECF No. 14, dismissing with prejudice all claims asserted against Allen and Wiles in their individual capacity. Order, ECF No. 15. As a result, Allen and Wiles only remain in this lawsuit in their official capacity. *See id.*

First, Allen and Wiles seek to be dismissed from this suit because they claim to have had no personal involvement in the events that caused the supposed violation of Plaintiffs' civil rights. Allen and Wiles's Mot. ¶¶ 7-9. "'Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001)). However, supervisors may be held liable if either: (1) they were personally involved in the constitutional deprivation, or (2) there exists a sufficient causal connection between the supervisor's alleged wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Allen and Wiles seek to be dismissed because they claim neither prong that establishes supervisory liability is fulfilled. Allen and Wiles's Mot. ¶¶ 7-9. However, personal involvement and sufficient causality between a supervisor's alleged wrongful conduct and the constitutional deprivation are mechanisms for a supervisor's personal liability. *See Denson v. Shabazz*, 44 F.

9

App'x 652, at *3 (5th Cir. 2002) (citing *Thompkins*, 828 F.2d at 303). Because Allen and Wiles have already been dismissed from this suit in their individual capacities, their personal liability is no longer a pending issue in this case. As such, the Court **DENIES** as moot Allen and Wiles's Motion seeking to be dismissed based on a lack of personal involvement.

Second, Allen and Wiles seek to be dismissed from this suit because they allege Plaintiffs have failed to state a claim against them for failure to train and supervise upon which relief may be granted. Allen and Wiles's Mot. ¶ 10. That section of Allen and Wiles's Motion seeks relief based on individual liability. *See id.* Since Allen and Wiles have been dismissed in their individual capacity, the Court **DENIES** as moot Allen and Wiles's Motion seeking relief based on failure to adequately state a claim for failure to train and supervise in their individual capacity.

### III.  CONCLUSION

For the foregoing reasons, the City's Motion, ECF No. 4, is **GRANTED** in part and **DENIED** in part. The City's Motion is **GRANTED** with respect to Plaintiffs' claims for wrongful death against Schneider and Cordova as well as the City. The City's Motion is **DENIED** with respect to Plaintiffs' claim for assault and battery. Allen and Wiles's Motion, ECF No. 7, is **DENIED** as moot.

**SO ORDERED**.

**SIGNED** on this 1st day of September, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE